dereliction, neglect of duty or incapacity affecting his general character and fitness for office. (Throop on Public Officers, § 366; *People ex rel. Munday* v. *Fire Comrs.*, 72 N. Y. 445; *People ex rel. Sims* v. *Fire Comrs.*, 73 id. 437; *People ex rel. Keech* v. *Thompson*, 94 id. 451.)

To go back to the first charge, it is proper to remark that there is some confusion in the evidence, as it does not clearly appear who was in the habit of giving orders to the street commissioner, whether the committee on highways, the board of trustees, or whether the commissioner looked to the by-laws printed for the village for instruction. He had been instructed previously to repair this street, and there is no proof whatever that he either willfully or knowingly ever disobeyed any order of the board of trustees.

The judgment should be reversed and the relator restored to office.

DYKMAN, J., concurred.

Proceedings of the trustees reversed, with costs, and relator restored to his office.

---

ELIZABETH A. GRAY, Respondent, *v.* JAMES C. GRAY, Appellant.

84h 347
76 AD 135

*Answer stricken out because of disobedience of an order.*

The power of the court to strike out an answer because of a disobedience of its order has not been abolished by the Code of Civil Procedure.

APPEAL by the defendant, James C. Gray, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Kings on the 26th day of May, 1894, upon the decision of the court rendered at the Kings County Special Term.

This action was brought to obtain a divorce on the ground that the defendant had been guilty of adultery.

*Wm. Woodward Baldwin* and *Charles A. Boston*, for the appellant.

*Frederick H. Man*, for the respondent.

PRATT, J. :

The power to strike out an answer for disobedience of an order has not been abolished by the Code (*Brisbane* v. *Brisbane*, 34 Hun, 339), and in the present case was wisely exercised. The order to that effect was right.

An examination of the record on the appeal from the judgment shows that the plaintiff fully proved the cause alleged for dissolving the marriage. The only question upon which a doubt is possible is whether the plaintiff had acquired a domicile in New York prior to beginning her action. She had been in this State several months before the action was begun. She testified on the trial to her intention to fix her residence here, and the trial court credited her testimony. Her conduct before and after beginning the suit corroborated her testimony to such an extent that a finding against her on that point would have been error.

The judgment is right and is affirmed.

BROWN, P. J., and DYKMAN, J., concurred.

Judgment affirmed, with costs.